## A00A0896. GRESHAM v. BELL'S FOOD MARKET, INC.
### (534 SE2d 537)

PHIPPS, Judge.

While Janette Gresham was exiting a grocery store owned and operated by Bell's Food Market, Inc., her foot became entangled in a cart and she fell. Gresham brought this action against Bell's to recover for personal injuries she sustained. The trial court granted summary judgment to Bell's because Gresham admitted that she saw the cart before catching her foot in it.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. [Cit.] A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." [Cit.][1]

Viewed in a light most favorable to Gresham, the evidence shows that the front entrance to the store consists of a single door located approximately fifteen to twenty feet away from a set of two exit doors. As Gresham was entering the store on the day in question, she noticed that all of the shopping carts had been assembled in a haphazard fashion along the front walkway because the interior of the store was being cleaned. As Gresham was exiting the store, she fell after her foot became entangled in the bottom part of one of the carts. Gresham admitted that she saw the cart which caused her fall upon entering and exiting the store. She testified that she did not realize the cart was in her path of egress until it was too late to avoid the fall, because the cart was pushed under a ramp leading to one of the exit doors and her view of it was thereby partially blocked.

[I]n order to recover for injuries sustained in a [trip]-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.[2]

The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him

[1] *McCoy v. West Bldg. Materials &c.*, 232 Ga. App. 620 (502 SE2d 559) (1998).
[2] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then[,] by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition.[3]

Hazard is defined as "[a] danger or risk lurking in a situation which by chance or fortuity develops into an active agency of harm."[4]

Gresham has admitted that she saw the cart on which she tripped prior to her fall. Photographs show that the doors through which Gresham exited the grocery store are made of glass, that ramps leading to the exit doors are several inches high, and that the grocery carts are several feet high. This photographic evidence shows that Gresham's view of the cart could not have been so obstructed by its positioning in relation to the ramp to have deprived her of knowledge of the hazard which the cart posed. "The simple fact is that the plaintiff had actual knowledge of the hazard which caused her fall prior to encountering it."[5]

*Judgment affirmed. Johnson, C. J., and Pope, P. J., concur.*

DECIDED MAY 10, 2000 —
RECONSIDERATION DENIED MAY 30, 2000.

*James W. Smith,* for appellant.
*E. Wycliffe Orr,* for appellee.

---

[3] *Wright v. JDN Structured Finance,* 239 Ga. App. 685, 686 (2) (522 SE2d 4) (1999).
[4] Black's Law Dictionary (4th ed. rev.), p. 850.
[5] *McCoy,* supra at 622.