A00A0945. YASINSAC v. COLONIAL OIL PROPERTIES, INC. et al.

(541 SE2d 109)

PHIPPS, Judge.

Vecie Yasinsac appeals an order of summary judgment on her negligence claims against Colonial Oil Properties, Inc., Enmark, Inc. and Enmark Stations, Inc. We affirm because we find that Yasinsac had knowledge of the alleged hazard equal to that of the defendants.

On March 6, 1997, Yasinsac went to an Enmark gas station in Kingsland. After her car was filled with gasoline, she went to pay at a booth occupied by an attendant. In front of the booth was a landing or step, 6.5 inches high and 18 inches deep, that spanned the width of the booth. Yasinsac stepped onto the landing and handed the attendant a credit card. The attendant asked her to step aside as he processed the card and served the next customer. When Yasinsac stepped away from the window, she fell off the landing and onto the concrete pavement, breaking her hip.

Yasinsac sued Colonial Oil, Enmark and Enmark Stations on the theory that the landing constituted a hazardous condition and that they had a duty to take adequate measures to protect their patrons from it. Applying standards set forth in *Robinson v. Kroger Co.*,[1] the trial court granted summary judgment on the basis that no evidence had been presented which showed that the defendants had actual or constructive knowledge of the allegedly dangerous condition. Yasinsac asserts that the defendants did have constructive knowledge of the hazard, that she did not have equal or superior knowledge,[2] that the distraction doctrine applies to this case and that evidence of a

---

[1] 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

[2] The court's order does not include a specific finding that Yasinsac had equal or superior knowledge of the hazard allegedly posed by the landing.

building code violation creates a jury question.

1.

> [I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.[3]

"[T]he fundamental basis for an owner or occupier's liability [is] that party's superior knowledge of the hazard encountered by the plaintiff."[4] "[I]f [an] invitee knows of the condition or hazard, . . . [she] has as much knowledge as the proprietor does and then by voluntarily acting in view of [her] knowledge[ ] assumes the risks and dangers incident to the known condition."[5] "In everyday life, persons are required to negotiate . . . floors, steps and doorways. . . ."[6]

There can be no question that the defendants are charged with knowledge of the landing.[7] However, even if we assume that the landing constituted a hazardous condition, the evidence in the record does not demonstrate that defendants had superior knowledge of the condition. Shortly before she fell, Yasinsac had stepped onto the landing without incident. Thus, she also was clearly aware of its existence.

Contrary to Yasinsac's argument, we find that this case is factually distinguishable from *Whitley v. Hulon*[8] and *Pinkney v. VMS Realty*.[9] In those cases, the plaintiffs stated that due to conditions such as poor lighting and lack of warning markers, railings and color contrast, they were unable to appreciate dangers posed by sloped surfaces. There is no similar testimony from Yasinsac in this record.

2. "Stated succinctly, the distraction doctrine holds that 'one is not bound to the same degree of care in *discovering or apprehending* danger in moments of stress or excitement or when the attention has been necessarily diverted. . . .' [Cits.]"[10] In *Robinson*, the Supreme Court of Georgia explained:

> when an invitee explains that he was not looking at the loca-

---

[3] Id.

[4] Id. at 736 (1); *Hardee's Food Systems v. Green*, 232 Ga. App. 864 (502 SE2d 738) (1998).

[5] *Warnke v. Pace Membership Warehouse*, 215 Ga. App. 33, 34 (449 SE2d 629) (1994).

[6] *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114, 115 (427 SE2d 86) (1993).

[7] See *Davis v. GBR Properties*, 233 Ga. App. 550, 551-552 (1) (504 SE2d 204) (1998).

[8] 194 Ga. App. 363 (390 SE2d 598) (1989).

[9] 189 Ga. App. 177 (375 SE2d 90) (1988).

[10] (Emphasis supplied.) *Robinson v. Kroger Co.*, supra at 744 (2) (a).

tion of the hazard which caused injury because of something in the control of the owner/occupier, which purported distraction is of such a nature that the defendant might have anticipated that it would divert an invitee's attention, e.g., the conduct of a store employee, the premises construction or configuration, or a merchandise display of such a nature that its presence would not have been anticipated by the invitee, the invitee has presented "some evidence that (the invitee) exercised reasonable care for (the invitee's) own safety. . . .' [Cit.]" It will then be for the fact-finder to determine if the injury sustained was proximately caused by the defendant's negligence and whether the plaintiff failed to exercise reasonable care for personal safety.[11]

Yasinsac asserts that she was distracted when the booth attendant told her to step aside while he processed her credit card transaction. But the distraction doctrine does not apply where the plaintiff had actual knowledge of the hazard before the alleged distraction occurred.[12] Here, the record shows that Yasinsac had actual knowledge of the landing before the alleged distraction because she had stepped onto the landing and stood on it until she was asked to step aside.

3. Yasinsac presented the affidavit of an expert, who asserted that "the landing in front of the payment window was an insufficient depth for safe use as required by the Building Code." But "[n]egligence per se is not liability per se. [Cit.] 'Negligence, it should be remembered, is in itself (only) one of the essential elements prerequisite to a cause of action in a given case.' [Cit.]"[13] Even if Yasinsac could show that maintenance of the landing constituted negligence per se as a violation of the building code, she would be precluded from recovering because of the equal knowledge rule.[14]

Although we disagree with the trial court that there was no evidence that defendants had knowledge of the subject condition, we find that summary judgment was properly granted because Yasinsac had equal knowledge of the condition.[15]

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

---

[11] Id. at 746.

[12] *Means v. Marshalls of MA*, 243 Ga. App. 419, 421 (2) (532 SE2d 740) (2000); see also *McCoy v. West Bldg. Materials*, 232 Ga. App. 620, 622 (502 SE2d 559) (1998).

[13] *Florence v. Knight*, 217 Ga. App. 799, 800 (459 SE2d 436) (1995).

[14] Id.; *Sullivan*, supra at 116.

[15] See *Caswell v. Anderson*, 241 Ga. App. 703, 706 (527 SE2d 582) (2000) ("A summary judgment ruling that is right for any reason must be affirmed.").

*Randall C. Sorenson*, for appellant.

*Whelchel, Brown, Readdick & Bumgartner, J. Thomas Whelchel*, for appellees.