## A01A0883. HINDMON v. VIRGIL'S FOOD MART, INC.
### (556 SE2d 135)

RUFFIN, Judge.

Jewel Hindmon sued Virgil's Food Mart, Inc. ("Virgil's") alleging that Virgil's negligence proximately caused her to slip and fall on its premises. Finding that the undisputed evidence showed that Hindmon had actual knowledge of the condition that caused her to slip and fall, the trial court granted Virgil's motion for summary judgment. Hindmon appeals the trial court's order, and for reasons that follow, we affirm.

On appeal, we review the trial court's grant of summary judgment to Virgil's de novo and construe the evidence and all reasonable inferences therefrom in the light most favorable to Hindmon as the nonmovant.[1] Summary judgment in favor of Virgil's is appropriate

---

[4] Local Procedure 1000, paragraph 13j (untimely demand for jury trial deemed consent to arbitration award).

[1] See *Gresham v. Bell's Food Market*, 244 Ga. App. 240 (534 SE2d 537) (2000).

only if there is no genuine issue of material fact concerning Hindmon's claim.[2]

Viewed in Hindmon's favor, the evidence shows that, on the day of the accident, Hindmon was wearing shoes with heels one to one and one-half inches high. When Hindmon and a friend arrived at Virgil's, a restaurant, at approximately 1:30 p.m., it was raining. They walked through a covered porch and entered the restaurant through the front door.

While Hindmon and her friend were dining, a Virgil's employee placed "an old shaggy rug," approximately two by four feet in size, on the covered porch immediately outside the front door through which Hindmon had entered the restaurant. In her deposition, Hindmon described what occurred as she was leaving the restaurant:

> Q. When you were coming out of the restaurant, before you fell, did you see the mat or the rug there? A. Yes, I did. And I tried to avoid it. I stepped as far as I could, and I couldn't avoid it. Q. All right. And I know you had said something — that it was folded a bit? A. Rolled. Kind of rolled, folded. Q. Describe for me as far as what side of the rug or the mat was folded. A. I believe it was the side toward the door, kind of. It was near the door. Q. So when you walked out the door to start leaving the restaurant, you were able to notice the rug was there, and you could see that there was a folded-over part? A. Yes. Yes. And I could see that it was shaggy. Like I say, I tried to avoid it. I had a fear of somebody falling on it, and I tried to avoid it myself.

Thus, Hindmon testified, she attempted to "step over the rug," but as she was doing so, her heel "caught on the stringy flat part" of the rug, causing her to fall. Hindmon acknowledged that the rug was "pretty visible," and that nothing obstructed her view of the rug or distracted her attention away from the rug as she was leaving the restaurant.

In support of her contention that the trial court erred in granting summary judgment, Hindmon points to an interrogatory answer in which she stated that, as she "was attempting to exit the restaurant, she was in mid-stride when she noticed that someone had placed a shaggy rug . . . near the entrance[,]" and that although she "tried to avoid [the rug], she was unable to do so and the heel of one of her dress shoes caught on the rug, tripping her and causing her to fall." On appeal, Hindmon argues that this interrogatory response creates a material issue of fact concerning whether she lacked sufficient knowledge of the hazard created by the rug.

---

[2] See id.

For Hindmon to recover for her injuries, she "must prove (1) that [Virgil's] had actual or constructive knowledge of the hazard; and (2) that [she] lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of [Virgil's]."[3] This is because

> [t]he basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn [her] and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then, by voluntarily acting in view of [her] knowledge, assumes the risks and dangers incident to the known condition.[4]

We agree with the trial court that Hindmon's knowledge of the rug precludes recovery. Her deposition testimony clearly shows that the rug was visible, that Hindmon saw the rug, and that because she feared someone could fall on the rug, she attempted to avoid it herself. To the extent that Hindmon's interrogatory response implies that she saw the rug too late to avoid falling, it contradicts her deposition testimony and is properly construed against her.[5] Because the evidence showed that Hindmon "had actual knowledge of the hazard which caused her fall prior to encountering it," the trial court properly granted summary judgment to Virgil's.[6]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 13, 2001 —
RECONSIDERATION DENIED DECEMBER 4, 2001.

*Johnny R. Pannell*, for appellant.
*Swift, Currie, McGhee & Hiers, Kristine J. Moschella, Henry L. Pruett*, for appellee.

---

[3] Id.
[4] (Punctuation omitted.) Id. at 240-241.
[5] *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986).
[6] (Punctuation omitted.) *Gresham*, supra at 241. See also *Gray v. Oliver*, 242 Ga. App. 533, 535 (530 SE2d 241) (2000).