A02A1638. PONDER v. BROOKS et al.
(569 SE2d 267)

ANDREWS, Presiding Judge.

Eddie Ponder appeals from the trial court's order granting summary judgment to William Brooks, M.D., and South Macon Family Physician's Clinic (the clinic) on Ponder's slip and fall claim. Because Ponder had equal knowledge of the alleged hazard, we affirm.

---

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

The record shows that on the day of the accident, Ponder went to the clinic to pay a medical bill for his wife. Ponder had a prosthesis on his right leg and walked with a cane. Ponder stated at his deposition that as he was walking up to pay the bill, some people were coming out of one of the doors into the waiting room and he stepped aside to let them pass. As he did so, he hit a magazine table with his artificial leg and fell.

Ponder acknowledged that he had been going to the clinic for years, both for his own appointments and with his wife, and said he knew the table was there. There was evidence, which Ponder does not dispute, that the table had been in the same place in the waiting room for at least 15 years.

Defendants submitted the affidavit of Dr. Brooks and pictures of the waiting room which show that the distance from the table to the nearest wall is five feet seven inches and the distance from the table to the door through which Ponder said the people were exiting was eight feet five inches. There is also undisputed evidence that there had never been a previous fall in the waiting room or any complaints about the placement of the furniture. Further, the pictures show that the table was clearly visible and was not blocking any ingress or egress. Brooks stated that the table had never occasioned any comment from the fire marshal or any other inspector.

The trial court granted summary judgment to Brooks and the clinic, holding that the magazine table was a static condition and Ponder could not recover because he knew of the condition and therefore defendants were under no duty to warn and were not liable for any resulting injury. This appeal followed.

In order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. The fundamental basis for

an owner or occupier's liability is that party's superior knowledge of the hazard encountered by the plaintiff. If an invitee knows of the condition or hazard, [he] has as much knowledge as the proprietor does and then by voluntarily acting in view of [his] knowledge[, he] assumes the risks and dangers incident to the known condition. In everyday life, persons are required to negotiate . . . floors, steps and doorways.

(Punctuation and footnotes omitted.) *Yasinsac v. Colonial Oil Properties*, 246 Ga. App. 484, 485 (1) (541 SE2d 109) (2000).

Ponder argues on appeal that even though he was aware of the hazard, he was distracted by the people coming out of the door into the waiting room. But, "the distraction doctrine does not apply where the plaintiff had actual knowledge of the hazard before the alleged distraction occurred." *Yasinsac*, supra at 486 (2); *Means v. Marshalls of MA*, 243 Ga. App. 419, 421 (532 SE2d 740) (2000).

In *Yasinsac*, supra, the plaintiff stepped onto a six-inch-high landing to pay the gas station attendant for her gas. The attendant took her card and asked her to step aside while he waited on the next customer. When the plaintiff stepped to the side, she fell off the landing. This Court rejected Yasinsac's argument that defendant was not entitled to summary judgment because she was distracted when the attendant told her to step aside. Id. at 486. See also *Hindmon v. Virgil's Food Mart*, 252 Ga. App. 732 (556 SE2d 135) (2001) (Hindmon's knowledge of the rug and testimony that she was trying to avoid it when she caught her heel in it precluded recovery); *Gresham v. Bell's Food Market*, 244 Ga. App. 240 (534 SE2d 537) (2000) (shopper saw grocery carts on front walkway and was therefore precluded from recovery after her foot became entangled on the bottom part of the cart, causing her to fall); *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392 (506 SE2d 910) (1998) (because plaintiff had negotiated steps many times in the past, he was presumed to have knowledge of any dangerous condition and could not recover for any subsequent injury). In light of this well-settled case law, we conclude that the trial court did not err in granting summary judgment based on the equal knowledge rule.

Ponder also argues that the table blocks entrances and exits in violation of the building codes. There is no support for this claim in the record, and indeed, the pictures clearly show that the table did not block or impede any exits or entrances to the waiting room. Moreover, even if the magazine table's position could be found to be negligence per se as a violation of the building code, Ponder would be precluded from recovering because of the equal knowledge rule.

*Yasinsac*, supra at 486; *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114, 116 (427 SE2d 86) (1993).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JULY 18, 2002.

*Edwards & Youmas, Lonzy F. Edwards*, for appellant.

*Jones, Cork & Miller, Thomas C. Alexander, Christopher B. Jarrard*, for appellees.