A02A2305. BLACKWELL v. BELL'S FOOD MARKET, INC.
(575 SE2d 703)

JOHNSON, Presiding Judge.

Thomas Blackwell was standing in a checkout line at Bell's Food Market when he saw a puddle of blood on the floor. Blackwell watched as an employee of the store wiped up the puddle with paper towels. Blackwell then walked forward, stepped on the spot where the puddle had been, slipped and fell to the floor.

Blackwell sued Bell's Food Market, Inc. for injuries allegedly sustained in his fall. Bell's moved for summary judgment, and the trial court granted the motion. Blackwell appeals. Since his knowl-

edge of the condition that caused his fall was equal to Bell's knowledge, we affirm the trial court's summary judgment ruling.

In order to recover for injuries sustained in a slip and fall action, the plaintiff must prove (1) that the defendant knew of the hazard, and (2) that the plaintiff, despite the exercise of ordinary care, lacked knowledge of the hazard due to actions or conditions within the control of the defendant.[1] The true ground of liability is the defendant's superior knowledge of the hazard.[2]

In the instant case, there is no question that Bell's knew of the hazard since its employee wiped up the puddle with paper towels. But there also is no question that Blackwell knew of the hazard since he admitted at his deposition that he saw the puddle, watched the Bell's employee clean it up and then stepped right on the spot where he had seen the puddle. Accordingly, Blackwell cannot make the required showing that he lacked knowledge of the hazard. The simple fact is that Blackwell had actual knowledge of the hazard which caused his fall.[3] Because there is no genuine issue of material fact that Bell's did not have knowledge of the hazard superior to Blackwell's knowledge of it, the trial court correctly granted summary judgment to Bell's.[4]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED DECEMBER 4, 2002 —
RECONSIDERATION DENIED DECEMBER 17, 2002 ▮▮▮▮▮▮▮

*Victor Hawk*, for appellant.
*Hull, Towill, Norman, Barrett & Salley, James S.V. Weston, George R. Hall*, for appellee.

[1] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).
[2] *McCoy v. West Bldg. Materials*, 232 Ga. App. 620, 621 (502 SE2d 559) (1998).
[3] *Gresham v. Bell's Food Market*, 244 Ga. App. 240, 241 (534 SE2d 537) (2000).
[4] See *Yasinsac v. Colonial Oil Properties*, 246 Ga. App. 484, 486 (3) (541 SE2d 109) (2000).