A06A1454. THE RIGHT STUFF FOOD STORES, INC.
v. GILCHRIST.
(632 SE2d 405)

BLACKBURN, Presiding Judge.

In this premises liability action, The Right Stuff Food Stores, Inc., appeals the denial of its motion for summary judgment, arguing that plaintiff Jacques Gilchrist's actual knowledge of the hose over which she tripped precludes recovery. We agree and reverse.

On appeal, we review the trial court's ruling on a motion for summary judgment de novo and construe the evidence and all reasonable inferences therefrom in the light most favorable to the nonmovant. *Hindmon v. Virgil's Food Mart.*[1] We will reverse the denial of summary judgment if the undisputed facts show that the nonmovant's claim lacked an essential element. *Cobb Venture, LLC v. Donaldson.*[2]

So construed, the evidence shows that Gilchrist stopped at a gas station owned by Right Stuff and started pumping gas into her

---

[1] *Hindmon v. Virgil's Food Mart*, 252 Ga. App. 732 (556 SE2d 135) (2001).

[2] *Cobb Venture, LLC v. Donaldson*, 256 Ga. App. 131, 133 (1) (567 SE2d 750) (2002).

vehicle. While the gas was pumping on the passenger side of the vehicle, she decided to return to the driver's seat and to wait inside the vehicle so as to avoid the inclement weather. As she walked to go around the rear of her vehicle, she saw a hose from a nearby pump that was lying on the ground near the side of her vehicle. She attempted to avoid the hose by walking between it and her vehicle, but as she did so, her left heel caught on the hose, causing her to fall and become injured. At her deposition, plaintiff testified that she saw the second hose and knew it was there, that there was nothing hidden or concealed about the nature of the hose, that she intended to walk around it and was not distracted, and that she had no idea how the hose became caught on her boot.

Gilchrist sued Right Stuff, claiming the company was negligent in allowing the hose to remain on the ground despite the danger to customers and despite company policies requiring such to be replaced to the pump. Right Stuff moved for summary judgment, arguing that Gilchrist's admissions in her deposition that she had actual knowledge of the hose and indeed tried to avoid the hazard precluded her from recovering. The trial court denied the motion. We granted Right Stuff's application for an interlocutory appeal.

Business owners are liable to their business customers for injuries caused by the owners' failure to exercise ordinary care in keeping the premises and approaches safe. *Delk v. QuikTrip Corp.*[3] See OCGA § 51-3-1. "However, they are not insurers of their safety. Instead, the basis of liability of [the] owner to an invitee who is injured is the superior knowledge of the owner of the existence of a condition that could subject the invitee to an unreasonable risk of injury." (Punctuation omitted.) *Delk*, supra, 256 Ga. App. at 141. *Hindmon* explained the importance of this superior knowledge to the owner's liability: "[I]f his invitee knows of the condition or hazard[,] there is no duty on the part of the proprietor to warn her and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then, by voluntarily acting in view of her knowledge, assumes the risks and dangers incident to the known condition." *Hindmon*, supra, 252 Ga. App. at 734. See *Delk*, supra, 258 Ga. App. at 141 (" '[i]t is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted' "). Thus, at a minimum, a plaintiff must prove that the owner had actual or constructive knowledge of the hazard and that the plaintiff lacked knowledge of the hazard. See *Robinson v. Kroger Co.*;[4] *Hindmon*, supra, 252 Ga. App. at 734.

---

[3] *Delk v. QuikTrip Corp.*, 258 Ga. App. 140, 141 (572 SE2d 676) (2002).

[4] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

Here, Gilchrist consistently testified that she saw the "very visible" hose lying on the ground, and that as a result, she attempted to avoid that hose. Thus, she admitted to having actual knowledge of the hazard at issue. Accordingly, Right Stuff did not have superior knowledge of the hazard, and Gilchrist cannot establish this element of her claim as a matter of law; summary judgment was required. See *Delk*, supra, 258 Ga. App. at 142. See also *Blackwell v. Bell's Food Market*[5] (summary judgment required for "[t]he simple fact . . . that [plaintiff] had actual knowledge of the hazard which caused his fall"); *Cobb Venture*, supra, 256 Ga. App. at 134 (1) (summary judgment required because plaintiff's actual knowledge of the hazardous debris made it impossible for her to prove that the business owner had the superior knowledge necessary for plaintiff to prevail); *Ponder v. Brooks*[6] (plaintiff's actual knowledge of the hazardous magazine table precluded recovery); *Hindmon*, supra, 252 Ga. App. at 733-734 (plaintiff's actual knowledge of hazardous rug and her consequent attempt to step over that rug precluded her recovery for injuries caused when she tripped over the rug); *Gresham v. Bell's Food Market*[7] (" '[t]he simple fact is that the plaintiff had actual knowledge of the hazard which caused her fall prior to encountering it' "; summary judgment required).

For these reasons, we conclude that the trial court erred in denying Right Stuff's motion for summary judgment. We therefore reverse.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED MAY 16, 2006 —
RECONSIDERATION DENIED JUNE 14, 2006 — 

*Lane, O'Brien & Caswell, Stephen J. Caswell*, for appellant.
*Moore & Hawthorne, Wilbur J. Moore*, for appellee.

---

[5] *Blackwell v. Bell's Food Market*, 258 Ga. App. 901, 902 (575 SE2d 703) (2002).

[6] *Ponder v. Brooks*, 256 Ga. App. 596, 598 (569 SE2d 267) (2002).

[7] *Gresham v. Bell's Food Market*, 244 Ga. App. 240, 241 (534 SE2d 537) (2000).