A07A0840. WATSON v. GEORGIA DEPARTMENT OF CORRECTIONS.

(645 SE2d 629)

BLACKBURN, Presiding Judge.

Thomas Watson appeals the dismissal of his tort and 42 USC § 1983 claims against the Georgia Department of Corrections (the "Department"), arguing that the trial court erred in finding that his claims were barred under the Georgia Tort Claims Act ("GTCA").[1] For the reasons set forth below, we affirm.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review." (Punctuation omitted.) *Welch v. Ga. Dept. of Transp.*[2] The record demonstrates that Watson was arrested on burglary charges on August 1, 1999, and remained in custody continuously prior to pleading guilty to those charges on April 30, 2001. Following his plea, he received a fifteen-year sentence, with three years to be served in confinement and the remainder on probation. Because Watson had been incarcerated since the time of his arrest, the sentencing court ordered that he receive credit for time served. Based on this credit, Watson should have been released on August 1, 2002. However, the Department did not release Watson until November 3, 2003, and only after the original sentencing court issued another order reiterating that he receive credit for time served.

---

[1] OCGA § 50-21-20 et seq.

[2] *Welch v. Ga. Dept. of Transp.,* 276 Ga. App. 664 (624 SE2d 177) (2005).

Watson filed suit against the Department,[3] alleging a tort claim based on the Department negligently incarcerating him beyond his scheduled release date and a claim under 42 USC § 1983 that this same tort violated his federal constitutional rights. The Department filed an answer and a motion to dismiss Watson's complaint, arguing that his tort claim was barred because sovereign immunity was not waived for this type of tort claim under the GTCA, and that Watson was barred from specifically suing the State or a State agency under 42 USC § 1983. The trial court agreed and dismissed Watson's complaint. This appeal followed.

1. Watson contends that the trial court erred in dismissing his tort claim that he was negligently incarcerated, arguing that such a claim is not barred by the doctrine of sovereign immunity under the GTCA. We disagree.

"[S]overeign immunity is a threshold issue." (Punctuation omitted.) *Reidling v. City of Gainesville.*[4] See *Dept. of Transp. v. Cox.*[5] It "is not an affirmative defense, and thus plaintiffs bear the burden of establishing that a [S]tate agency's conduct is excepted from sovereign immunity." *Reidling*, supra, 280 Ga. App. at 701 (1). See *Bd. of Regents &c. of Ga. v. Daniels.*[6] The GTCA establishes exceptions to a State agency's sovereign immunity protection, but does so subject to the limitations listed in OCGA § 50-21-24. *Reidling*, supra, 280 Ga. App. at 701 (1). One of these limitations provides in part that "[t]he [S]tate shall have no liability for losses resulting from . . . false imprisonment." OCGA § 50-21-24 (7).

Here, Watson alleges that the Department negligently extended his incarceration beyond the date he should have been released. Therefore, his tort claim is a claim of false imprisonment. See *Collier v. Whitworth.*[7] Given that under OCGA § 50-21-24 (7), the State and its agencies cannot be held liable for a plaintiff's losses resulting from false imprisonment, Watson's tort claim against the Department is barred by the State's sovereign immunity. See *Collier*, supra, 205 Ga. App. at 759. Accordingly, the trial court did not err in dismissing this claim.

2. Watson also contends that the trial court erred in dismissing his 42 USC § 1983 claim, which alleged that his federal constitutional rights were violated by the Department negligently extending his incarceration. We disagree.

---

[3] In Watson's complaint, the Department was incorrectly identified as "State of Georgia: Georgia Department of Corrections."

[4] *Reidling v. City of Gainesville*, 280 Ga. App. 698, 701 (1) (634 SE2d 862) (2006).

[5] *Dept. of Transp. v. Cox*, 246 Ga. App. 221, 222 (540 SE2d 218) (2000).

[6] *Bd. of Regents &c. of Ga. v. Daniels*, 264 Ga. 328, 329 (446 SE2d 735) (1994).

[7] *Collier v. Whitworth*, 205 Ga. App. 758, 759 (423 SE2d 440) (1992).

In this matter, Watson's 42 USC § 1983 claim was directed against the Department as an agency of the State. However, "a State is not a person within the meaning of § 1983." *Will v. Michigan Dept. of State Police.*[8] In addition, "[t]he Department is not a 'person' against whom a § 1983 claim for damages will lie." (Punctuation omitted.) *Jenkins v. Dept. of Corrections.*[9] See *State Bd. of Ed. v. Drury.*[10] Thus, Watson's 42 USC § 1983 claim cannot be asserted against either the State or the Department. See *Will*, supra, 491 U. S. at 70-71; *Jenkins*, supra, 238 Ga. App. at 341 (3); *Professional Practices Comm. v. Brewer.*[11] Accordingly, the trial court did not err in dismissing Watson's 42 USC § 1983 claim.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED APRIL 17, 2007.

*Macklyn A. Smith*, for appellant.

*Thurbert E. Baker, Attorney General, Jennifer L. Dalton, Assistant Attorney General*, for appellee.

---

[8] *Will v. Michigan Dept. of State Police*, 491 U. S. 58, 64 (109 SC 2304, 105 LE2d 45) (1989).

[9] *Jenkins v. Dept. of Corrections*, 238 Ga. App. 336, 341 (3) (518 SE2d 730) (1999).

[10] *State Bd. of Ed. v. Drury*, 263 Ga. 429, 434 (2) (437 SE2d 290) (1993).

[11] *Professional Practices Comm. v. Brewer*, 219 Ga. App. 730, 731 (466 SE2d 651) (1995).