## A11A1746. AMBATI v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.
(721 SE2d 148)

ELLINGTON, Judge.

Balamurali Ambati appeals from an order of the State Court of Richmond County which dismissed this civil action against the Board of Regents of the University System of Georgia d/b/a Medical College of Georgia based upon the court's finding that the Board of Regents is immune from suit under the Georgia Tort Claims Act ("GTCA"), OCGA § 50-21-20 et seq.[1] For the reasons that follow, we affirm.

Ambati was employed as an associate professor at the Medical College of Georgia while he completed his Ph.D. there in cell biology. During that time, an academic review committee investigated whether he had committed research misconduct. Thereafter, Ambati filed the instant suit against the college, alleging several tort[2] causes of action, all based upon the disclosure of private information during the course of the academic investigation. The Board of Regents moved to dismiss[3] the suit, contending that Ambati's claims fall within two exceptions to the GTCA's general waiver of sovereign immunity for tort claims against the Board of Regents. Specifically, the Board of Regents argued that Ambati's claims arise from an alleged interference with his contractual rights as an employee of the college and, therefore, OCGA § 50-21-24 (7) applies. The Board of

---

[1] This is the third appearance of this case before this Court. In *Bd. of Regents &c. of Ga. v. Ambati*, 299 Ga. App. 804 (685 SE2d 719) (2009), we affirmed a Fulton County jury verdict awarding Ambati $650,000 in damages and $292,862 in OCGA § 13-6-11 attorney fees. We also affirmed an order of the State Court of Richmond County dismissing individual employee defendants from the instant suit on immunity grounds in an unpublished opinion, *Ambati v. Atherton*, 305 Ga. App. XXII (Case No. A10A0831) (July 9, 2010).

[2] Ambati alleged that the college breached a legal duty to him found in its rules and procedures for academic inquiries, that it publicly disclosed private facts during that inquiry, that the inquiry was retaliatory in nature and, therefore, that it violated the state constitution, and that the college negligently supervised the academic inquiry.

[3] A motion to dismiss asserting sovereign immunity is based upon the trial court's lack of subject matter jurisdiction, rather than the merits of the plaintiff's claim. See *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 671 (1) (570 SE2d 1) (2002); OCGA § 9-11-12 (b) (1). Sovereign immunity "is not an affirmative defense, going to the merits of the case, but raises the issue of the trial court's subject matter jurisdiction to try the case, and waiver of sovereign immunity must be established by the party seeking to benefit from that waiver; thus, the plaintiffs had the burden of establishing waiver of sovereign immunity." Id. "The trial court's ruling on the motion to dismiss on sovereign immunity grounds is reviewed de novo, while factual findings are sustained if there is evidence supporting them." (Citation and punctuation omitted.) *Coosa Valley Technical College v. West*, 299 Ga. App. 171 (682 SE2d 187) (2009).

Regents also argued that the academic review committee's actions were "quasi-judicial" and, therefore, OCGA § 50-21-24 (5) applies. The state court agreed that *both* exceptions apply and granted the motion to dismiss on sovereign immunity grounds.

In this appeal, Ambati challenges *only* the application of OCGA § 50-21-24 (5) and ignores the fact that the state court also granted the Board of Regents' motion on another, independent basis. It is the function of this Court to address only those claims of error raised on appeal, and the application of OCGA § 50-21-24 (7) was not challenged as error. Therefore, even if we were to agree with Ambati that the "quasi-judicial" administrative action exception to the waiver of sovereign immunity does not apply, it would not result in a reversal of the court's judgment because the dismissal order remains in effect on an independent basis. Issuing an opinion as to the applicability of OCGA § 50-21-24 (5) under these circumstances would be, in essence, rendering an advisory opinion on a moot point. *Prime Home Properties v. Rockdale County Bd. of Health*, 290 Ga. App. 698, 701 (2) (660 SE2d 44) (2008) ("Because the award may be sustained on independent grounds, the merits of which are not before us, addressing the error raised would be purely advisory, and this we are not authorized to do."). Consequently, we must affirm.

*Judgment affirmed. Miller, P. J., and Doyle, J., concur.*

DECIDED NOVEMBER 22, 2011 —
RECONSIDERATION DENIED DECEMBER 13, 2011 — 

*Trotter Jones, James B. Trotter, William A. Trotter III, Chilivis, Cochran, Larkins & Bever, Anthony L. Cochran*, for appellant.

*Samuel S. Olens, Attorney General, Claude M. Sitton, Assistant Attorney General*, for appellee.