**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 28, 2013**

# In the Court of Appeals of Georgia

A13A0589. PANIK v. DUNES VILLAGE PROPERTIES, LLC.

ANDREWS, Presiding Judge.

This appeal arises on a complaint for damages filed by Dunes Village Properties, LLC (Dunes Village), against USA Slide, Inc. (USA Slide), its owner now deceased, Richard Andert, and USA Slide employees Keith Panik and Michael Homer. Dunes Village filed its complaint based upon USA Slide's failure to timely complete the fabrication and installation of four waterslides during the construction of a condominium complex in Myrtle Beach, South Carolina, known as Dunes Village Phase Two (the Project). Dunes Village alleged counts of breach of contract, unjust enrichment, and money had and received, against USA Slide, and counts for fraud, conversion, punitive damages, and attorney fees against each of the individual defendants. By its final judgment, the trial court granted Dunes Village's motion to

enforce a settlement agreement and request for attorney fees against USA Slide in the amount of $125,000, together with prejudgment interest of $6,712.33. The trial court otherwise granted Dunes Village's motion for summary judgment against Andert, Panik, and Homer on its fraud claims.

On appeal, Panik claims the trial court erred by granting summary judgment in favor of Dunes Village. Panik also asserts that the trial court "erred in imposing liability against [him as] an employee of a corporate defendant in violation of the legal doctrine of *respondeat superior*." (emphasis in original). Finding that Panik made no representation proximately resulting in the damages at issue, we conclude that summary judgment for Dunes Village was error and reverse.

In Georgia,

[s]ummary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis*

2

*v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

*Ponder v. Brooks*, 256 Ga. App. 596, 597 (569 SE2d 267) (2002).

So viewed, the evidence shows that on August 21, 2007, Dunes Village, a South Carolina corporation, entered into a $454,280 contract with USA Slide, a Georgia corporate entity, for the fabrication, supply, delivery, and installation of a four-flume waterslide at the Project, then under construction. Prior to the time the parties entered into the contract, Dunes Village's principal and its owner operator, George Buchanan, met with USA Slide owner Andert and informed him "that time was of the essence and that the waterslides had to be installed by the time the Project was scheduled to be substantially completed on October 31, 2007." Buchanan entered into the contract by tendering a deposit by check payable to USA Slide in the amount of $158,998. Performance under the contract commenced on August 23, 2007. On or about November 28, 2007, USA Slide's failure to provide the waterslides as promised led Buchanan to cancel the contract and demand the return of Dunes Village's $158,998 deposit. The instant litigation followed.

1. Panik contends that summary judgment for Dunes Village on its claim of fraud against him was error, arguing that jury questions remain under South Carolina

law as to "18 statements of fact" which he sets out in his appellate brief. Reviewing the trial court's grant of summary judgment to Dunes Village de novo as we must, *Matjoulis*, supra, 226 Ga. App. at 459 (1), we find that reversal is required under South Carolina law for lack of evidence showing any representation made by Panik proximately resulting in the tender of the $158,998 deposit which Dunes Village alleges as damages. Consequently, Panik's claims of material issues of fact remaining are immaterial.

South Carolina law governs the instant fraud claim because the Project is located in South Carolina. Village Dunes is organized under the laws of South Carolina, and the economic injury resulting from the fraud occurred in South Carolina. "Under the rule of lex loci delictis, tort cases are generally governed by the substantive law of the place where the tort or wrong occurred. In torts of a transitory nature, the place of the wrong is the place where the last event occurred necessary to make an actor liable for the alleged tort." *Intl. Business Machines Corp. v. Kemp*, 244 Ga. App. 638, 640 (1) (a) (536 SE2d 303) (2000). Fraud claims are governed by the substantive law of the state where the "'last event'" occurred. Id.

The elements which must be shown to prove fraud under South Carolina law are: "(1) a representation; (2) its falsity: (3) its materiality; (4) either knowledge of

4

its falsity or reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." (Citation and punctuation omitted.) *Armstrong v. Collins*, 366 SC 204, 218 (I) (A) (621 SE2d 368) (2005).

On appeal and in its motion for summary judgment, Dunes Village argues that "[a]s a proximate result of the representations made by [Panik], which supported the representations of Andert, Dunes [Village] suffered damages. . . . Had Dunes [Village] known that the Slides would not be delivered on the dates promised, [its] $158,998.00 deposit would have never been tendered and Dunes [Village] would have retained another contractor."

The record shows that Panik spoke with multiple Dunes Village employees and contractors during the period August through November 2007 and consistently assured them that the waterslide job was progressing on schedule. Dunes Village, however, has come forward with no evidence showing that any such representation occurred before or had a bearing on Buchanan's decision to accept USA Slide's proposed contract by tendering its claimed damages, the $158,998 deposit. It is undisputed that Andert met with Buchanan alone in Myrtle Beach on or about August

3, 2007 for the purpose of discussing whether USA Slide might fabricate, supply, deliver, and install the waterslides Dunes Village sought on a "not-later-than" October 31 timetable. At some point thereafter, but before the contract was entered into, Andert assured Buchanan that USA Slide would meet that deadline. Although Panik's contacts with Dunes Village employees and contractors began in August 2007, these did not begin until after the contract had been entered into when Andert made a second trip to Myrtle Beach, and took Panik and two other employees with him to confirm that USA Slide's waterslide design was compatible with existing foundation work on the job site. The record shows that Panik, or a subordinate working for him, prepared one page of the proposed contract which Andert presented to Buchanan. That page, however, was a draftsman's drawing depicting the waterslides USA Slide proposed to build and install.

Because there was no evidence of any Panik representation bearing upon Buchanan's tender of the $158,998 deposit, summary judgment for Dunes Village and against Panik on Dunes Village's claim of fraud was error. Id.; see also *Lau's Corp.*, supra, 261 Ga. at 491.

2. In light of our disposition of Division 1, we do not address Panik's remaining claim of error.

6

*Judgment reversed. Dillard and McMillian, JJ., concur.*