**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 16, 2015**

# In the Court of Appeals of Georgia

A15A0549. GEORGIA DEPARTMENT OF CORRECTIONS v. GRADY MEMORIAL HOSPITAL CORPORATION.

A15A0550. DOUGLAS COUNTY v. GRADY MEMORIAL HOSPITAL CORPORATION.

PHIPPS, Presiding Judge.

Grady Memorial Hospital Corporation d/b/a Grady Health System ("Hospital") filed a complaint against the Georgia Department of Corrections ("DOC") and Douglas County, Georgia, seeking payment for emergency medical care provided by the Hospital to an inmate who had been injured while housed at the Douglas County Jail. The DOC and Douglas County moved for summary judgment based on sovereign immunity; Douglas County additionally moved for summary judgment based on the Hospital's alleged failure to comply with the notice provisions of OCGA § 36-11-1.

The trial court denied both defendants' motions for summary judgment. For the reasons that follow, we reverse the judgments.

> On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law.[1]

Further, "[w]hether sovereign immunity has been waived is a matter of law, which we review de novo."[2]

The record reveals that Shaun Hood was an inmate at a DOC state prison when the DOC transferred physical custody of Hood to the Douglas County Sheriff on or about July 10, 2008 pursuant to a superior court production order, so that Hood would be available for trial in a Douglas County criminal case. The production order further provided that after his court appearance, Hood was to be returned by the Douglas County Sheriff or his deputies to the custody of the DOC. On or about August 11,

---

[1] *Warnell v. United Government of Athens-Clarke County*, 328 Ga. App. 903 (763 SE2d 284) (2014) (citation omitted).

[2] *DeKalb County v. Kirkland*, 329 Ga. App. 262, 265 (764 SE2d 867) (2014) (citation omitted); see *Ga. Dept. of Nat. Res. v. Center for a Sustainable Coast*, 294 Ga. 593, 596 (1) (755 SE2d 184) (2014).

2008, while he was being housed in the Douglas County Jail, Hood was injured. Douglas County sheriff's deputies transported Hood to Grady Memorial Hospital, where he remained until August 31, 2008. The sheriff's deputies returned Hood to the custody of the DOC in September 2008.

*Case No. A15A0549*

1. The trial court denied the DOC's motion for summary judgment on the basis that the state's sovereign immunity was waived under OCGA § 42-5-2. The DOC contends that this was error because, inter alia, OCGA § 42-5-2 requires the governmental entity to have physical custody of the inmate, which the DOC did not.

> Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.[3]

The party seeking to benefit from a waiver of sovereign immunity has the burden of establishing that sovereign immunity has been waived.[4]

---

[3] Ga. Const. 1983, Art. I, § II, Para. IX (e).

[4] See *Kirkland*, supra.

3

The Hospital has contended, below and on appeal, that OCGA § 42-5-2 establishes a waiver of sovereign immunity. That statute pertinently provides:

> [I]t shall be the responsibility of the governmental unit, subdivision, or agency having the physical custody of an inmate to maintain the inmate, furnishing him . . . any needed medical and hospital attention. . . . [I]t shall remain the responsibility of the governmental unit having the physical custody of an inmate to bear the costs of such medical and hospital care, if the custody of the inmate has been transferred from the department pursuant to any order of any court within this state.

The cited statute does not establish a waiver of sovereign immunity under the circumstances presented in this case, because Hood was not in the physical custody of the DOC at the time he was injured and taken for treatment at the Hospital. Physical custody of Hood had been transferred from the DOC to the Sheriff of Douglas County pursuant to a court order. Under the express terms of OCGA § 42-5-2, the DOC was not responsible for the costs of Hood's medical care.

There being no waiver of sovereign immunity in this case pursuant to OCGA § 42-5-2, the trial court erred by denying the DOC's motion for summary judgment based on sovereign immunity.

4

2. Douglas County contends that, even assuming arguendo that sovereign immunity for counties was waived by OCGA § 42-5-2, the trial court erred by concluding that the Hospital had complied with the notice requirement of OCGA § 36-11-1.

OCGA § 36-11-1 pertinently provides: "All claims against counties must be presented within 12 months after they accrue or become payable or the same are barred." "[W]hile the . . . statute requires simply that a claim be presented within 12 months, the cases have held that such claims must be presented in writing, and a mere oral statement is insufficient."[5] "Formal, written notice is required."[6] The burden is on the plaintiff to prove that it substantially complied with the statute.[7]

---

[5] *Doyal v. Dept. of Transp.*, 142 Ga. App. 79, 80 (234 SE2d 858) (1977) (citations omitted). See generally *Burton v. DeKalb County*, 202 Ga. App. 676, 677 (415 SE2d 647) (1992) (the requirements of the statute were substantially complied with where the claimant had given timely written notice of the grievance to the governing authority).

[6] *Cobb v. Board of Commissioners &c.*, 151 Ga. App. 472, 473 (2) (260 SE2d 496) (1979) (citation omitted).

[7] *Jones v. City of Willacoochee*, 299 Ga. App. 741, 742 (683 SE2d 683) (2009).

In its appellate brief, the Hospital points to the following as evidence that it served the required notice on Douglas County: the Hospital's discovery response in which counsel for the Hospital stated that the Hospital had sent a bill to the Douglas County Police Department showing Hood's medical costs; an unsigned form titled "Medical Cost Reimbursement Report," on which Hood's name and medical expenses were written, and which Douglas County apparently would submit or would have submitted to the DOC; a letter purportedly written by counsel for the Douglas County Sheriff to an official at the DOC; a printout of an email regarding the hospital bill, purportedly written by counsel for Douglas County and directed to an individual whose relationship to this case was not indicated; and written summaries of phone conversations purportedly held between various parties regarding the medical bill. None of the documents was sworn, certified or otherwise authenticated.

Unauthenticated documents cannot be considered in opposition to a motion for summary judgment.[8] In any event, the Hospital has not pointed to any formal, written

---

[8] *Cordell v. Bank of N. Ga.*, 295 Ga. App. 402, 407 (1) (b) (672 SE2d 429) (2008); *Lee v. CSX Transp.*, 233 Ga. App. 30, 31 (503 SE2d 309) (1998).

notice of the claim that it gave to Douglas County.[9] Therefore, the trial court erred by denying Douglas County's motion for summary judgment.

3. In light of our holding in Division 2,[10] we do not consider Douglas County's contention that it was entitled to summary judgment on the additional ground that "OCGA § 42-5-2 does not create a cause of action against Georgia counties."

*Judgments reversed. Doyle, C. J., and Boggs, J., concur fully in Divisions 1 and 3, and concur in judgment only as to Division 2.*

---

[9] See *Cobb*, supra.

[10] Supra.