### A99A0984. JAMSKY v. HPSC, INC.
(519 SE2d 246)

BLACKBURN, Presiding Judge.

Robert Jamsky appeals the trial court's order which granted summary judgment to the plaintiff, HPSC, Inc., in the underlying action on a deficiency claim arising out of the sale of collateral pursu-

ant to a lease financing agreement. Jamsky contends that the sale price was not commercially reasonable.

"In reviewing [a] grant or denial of summary judgment, this Court conducts a de novo review of the evidence." *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996).

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c).

(Punctuation omitted.) Id.

> "In Georgia, all lease contracts for 'goods,' including finance leases, first made or first effective on or after July 1, 1993, are governed by Article 2A of the Uniform Commercial Code. OCGA § 11-2A-101 et seq." [Cit.] The Agreement was entered into by the parties [in 1995]; therefore, it is subject to Article 2A of the UCC and §§ 527 and 528 thereof. The provisions of §§ 527 and 528 regarding damages available upon default are applicable "(e)xcept as otherwise provided with respect to damages liquidated in the lease agreement (Code Section 11-2A-504) or otherwise determined pursuant to agreement of the parties (Code Sections 11-1-102 (3) and 11-2A-503)." OCGA §§ 11-2A-527 (2) and 11-2A-528 (1). In this case, the Agreement "otherwise provides for damages liquidated in the lease agreement," specifically setting forth a formula to calculate such damages. As a result, OCGA §§ 11-2A-527 and 11-2A-528 are not applicable to the matter at hand, and the more general directives of OCGA § 11-2A-504 are controlling.
>
> According to OCGA § 11-2A-504, "(d)amages payable by either party for default, or any other act or omission, . . . may be liquidated in the lease agreement but only at an amount or by a formula that is reasonable in light of the then anticipated harm caused by the default or other act or omission." OCGA § 11-2A-504 (1).

*Carter v. Tokai Financial Svcs.*, 231 Ga. App. 755, 757-758 (500 SE2d 638) (1998).

In the present case, paragraph 9 of the Agreement provides that, upon default, HPSC may do one or more of the following:

> (a) we may cancel or terminate this Lease and/or any or all other agreements that we have entered into with you; (b) we

may require you to immediately pay us, as compensation for loss of our bargain and not as a penalty, a sum equal to (i) the present value of all unpaid Lease Payments for the remainder of the term plus the present value of our anticipated residual interest in the Equipment, each discounted at a rate per year equal to the discount rate of the Federal Bank of Boston on the date payment is demanded plus 1%, plus (ii) all other amounts due or that become due under this Lease; (c) we may require you to deliver the Equipment to us as set forth in Section 3; (d) we or our agent may peacefully repossess the Equipment without court order and you will not make any claims against us for damages or trespass or any other reason; and (e) we may exercise any other right or remedy available at law or in equity. *You agree to pay all of our costs of enforcing our rights against you, including reasonable attorneys' fees.* If we take possession of the Equipment, we may sell or other wise dispose of it with or without notice, at a public or private sale, and apply the net proceeds (after we have deducted all costs related to the sale or disposition of the Equipment) to the amounts that you owe us. You agree that if notice of sale is required by law to be given, 10 days' notice shall constitute reasonable notice. You will remain responsible for any amounts that are due after we have applied such net proceeds.

"Determining whether such a clause constitutes an enforceable liquidated damages provision or an unenforceable penalty is a question of law for the court. To qualify as an enforceable liquidated damages provision three factors must be present: First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and, third, the sum stipulated must be a reasonable pre-estimate of the probable loss. . . . On summary judgment, [HPSC], as movant, has the burden of showing that as to the three prongs . . . no genuine issue of material fact exists." (Citations and punctuation omitted.) *Peterson v. P. C. Towers, L.P.*, 206 Ga. App. 591, 592-593 (3) (426 SE2d 243) (1992).

*Carter*, supra at 758.

HPSC has carried this burden. The lease requires the reduction of the accelerated rent to present value which we have previously noted tends to establish a reasonable estimate of probable loss. See *Carter*, supra at 759. Additionally, HPSC was required to apply the net proceeds to the amount owed by Jamsky.

As Jamsky has failed to come forward with any evidence challenging HPSC's evidence of the amount owed, the trial court correctly granted HPSC's motion for summary judgment.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 7, 1999.

*Robert H. Baer*, for appellant.
*Arnall, Golden & Gregory, James P. Smith*, for appellee.