A00A1163. BECTON v. TIRE KING OF NORTH COLUMBUS, INC.
(539 SE2d 551)

BLACKBURN, Presiding Judge.

In this static defect trip and fall case, Peggy Becton appeals from the trial court's grant of summary judgment to Tire King of North Columbus, Inc. on her claim, contending that genuine issues of mate-

---

[23] *Foreman v. State,* 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991).
[24] *Braswell v. State,* 245 Ga. App. 602, 606-607 (538 SE2d 492) (2000).

rial fact remain. For the reasons set forth below, we affirm.

We review the grant of summary judgment de novo. *Jamsky v. HPSC, Inc.*[1]

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).

(Emphasis in original.) *Lau's Corp. v. Haskins.*[2]

Viewing the evidence favorably to Becton, the record shows that, on Saturday, January 3, 1998, she and her friend Ervine Smith had just returned from an out-of-town visit when they noticed a screw stuck in one of the car's tires. They drove to a nearby Tire King shop, but, as it was afternoon, the shop employees had already left for the day. The shop manager called another Tire King, and that Tire King indicated they could fix the tire.

Upon arriving at the second Tire King, Becton and Smith entered the store from a side entrance. Smith held the door for Becton, who walked directly to the counter. Looking straight ahead, she failed to notice to her left a large, permanent planter used to display tires located four or five feet from the counter. One of the employees asked if he could help her, but another employee spoke up, saying that they had spoken on the phone. However, as he and Becton began their conversation, his phone rang.

While Becton waited for him to finish the call, other customers approached the counter. Becton voluntarily moved back from the

---

[1] *Jamsky v. HPSC, Inc.*, 238 Ga. App. 447 (519 SE2d 246) (1999).
[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

counter so that the other customers could take care of their business. Taking three steps backward without looking, she tripped and fell when her leg hit the base of the planter. The planter was made of railroad ties, approximately nine inches high. The planter itself was rectangular in shape, several feet long, and contained a corn plant, other greenery, wood chips and several tires. Becton's knee was injured as a result of the fall, and she subsequently sued Tire King.

Tire King moved for summary judgment on Becton's trip and fall claim, contending that Becton failed to exercise ordinary care when she walked backward without looking. The trial court granted summary judgment to Tire King without comment.

The situation here involved a static condition, the large planter. A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it. *Poythress v. Savannah Airport Comm.*;[3] *Wright v. JDN Structured Finance*.[4] "[If] nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks." *Poythress*, supra.

Given the size and shape of the planter, as well as the greenery, tires and other items on display, the planter was an open and obvious condition and, therefore, could have been avoided in the exercise of ordinary care. See *Wright*, supra. It was not inherently dangerous. Consequently, "the issue [in this case] is whether, taking into account all the circumstances existing at the time and place of [Becton's] fall, [she] exercised the prudence the ordinarily careful person would use in a like situation." *Robinson v. Kroger Co.*[5]

In the present case, there is evidence that Becton's injuries were caused by her own negligence. Becton had never been in the Tire King store before. After entering the store without looking to the right or left, Becton took several steps backward, again without looking. Failure to look does not necessarily constitute failure to exercise ordinary care, see *Robinson*, supra; however, in the present case, we find that the evidence is plain and palpable that, by walking blindly backward in a store which she had not visited before, Becton failed to exercise the prudence of an ordinarily careful person. See *Parker v. Welborn*[6] (plaintiff failed to exercise ordinary care when she walked blindly into an unfamiliar room through a closed door and fell down stairs); *Wright*, supra (plaintiff failed to exercise ordinary care when she tripped over high, yellow-painted curb); *Carey v. W. R. Grace &*

---

[3] *Poythress v. Savannah Airport Comm.*, 229 Ga. App. 303, 306 (3) (494 SE2d 76) (1997).
[4] *Wright v. JDN Structured Finance*, 239 Ga. App. 685, 686 (2) (522 SE2d 4) (1999).
[5] *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (493 SE2d 403) (1997).
[6] *Parker v. Welborn*, 236 Ga. App. 344, 346 (1) (511 SE2d 917) (1999).

*Co.*[7] (plaintiff failed to exercise ordinary care when he walked backward without looking and tripped over a pallet). The trial court did not err in granting defendant's motions for summary judgment.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 19, 2000.

*Roper & McPherson, John W. Roper, Dennis P. McPherson,* for appellant.

*Webb, Carlock, Copeland, Semler & Stair, William E. Zschunke, Melissa C. Duffey,* for appellee.

---

[7] *Carey v. W. R. Grace & Co.*, 221 Ga. App. 728, 730 (3) (a) (472 SE2d 524) (1996).