A02A1571. CAPES v. DOLLAR GENERAL CORPORATION.
(567 SE2d 726)

PHIPPS, Judge.

JoAnn Capes was injured while shopping at a Dollar General Store in Bremen. At the time, the aisles were strewn with boxes of merchandise to be placed on the display shelves. While attempting to step over one of the boxes, Capes tripped and fell. Capes filed this negligence action against Dollar General Corporation to recover for her injuries. She appeals the trial court's award of summary judgment to Dollar General. We agree with the trial court's ruling and affirm.

In *Bruno's, Inc. v. West*,[1] a shopper tripped and fell over a box in the aisle of a grocery store. We recognized that a merchant may place cartons and containers in the aisles while he places articles on the display shelves. We held that the shopper could not recover for tripping over a box in plain view.

---

[1] 224 Ga. App. 420 (481 SE2d 2) (1997).

Following this court's decision in *Bruno's*, our Supreme Court announced in *Robinson v. Kroger Co.*[2] that

> in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.[3]

Thus, "an invitee might recover for personal injury in a slip and fall only when the perilous instrumentality is known to the owner or occupant and not known to the person injured. The true ground of liability is the owner or occupier's superior knowledge of the hazard and the danger therefrom."[4]

"If an invitee knows of the condition or hazard, she has as much knowledge as the proprietor does and then by voluntarily acting in view of her knowledge assumes the risks and dangers incident to the known condition."[5]

Dollar General does not dispute that it had knowledge of the box in the aisle. Capes has thus satisfied the first prong of *Robinson*. As to the second prong, however, the evidence shows without contradiction that Capes chose to expose herself to the hazard posed by stepping over the box. In this regard, she testified in her affidavit that she stepped over the box because "there was no other way to access the portion of the aisle which [I] was attempting to access to locate the particular item [I] wanted to purchase." Capes nonetheless claims that the box posed a hazard of which she was unaware. In this regard, she testified in her affidavit that the box "appeared to be closed as [I] could not see the contents thereof," but that "the flaps of the box lid must have been cut open because after [I] fell the box turned over and the contents of the box fell on the floor." But as she further testified in her affidavit, the box on which she tripped was less than one foot in height. Therefore, nothing prevented Capes from observing the hazard posed. Under *Bruno's* and *Robinson*, Dollar General was entitled to summary judgment.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

---

[2] 268 Ga. 735 (493 SE2d 403) (1997).

[3] Id. at 748-749 (2) (b).

[4] (Citations and punctuation omitted.) *Edwards v. Ingles Market*, 234 Ga. App. 66-67 (506 SE2d 205) (1998).

[5] (Punctuation and footnote omitted.) *Yasinsac v. Colonial Oil Properties*, 246 Ga. App. 484, 485 (1) (541 SE2d 109) (2000).

DECIDED JUNE 24, 2002.

*Jack F. Witcher*, for appellant.

*Greene, Buckley, Jones & McQueen, Harold S. White, Jr.*, for appellee.