A08A0791. BROWN v. WAL-MART STORES, INC.
(669 SE2d 221)

BERNES, Judge.

Mary Brown, the administratrix of Bernice Hines's estate, appeals from a grant of summary judgment in the estate's negligence action against Wal-Mart Stores, Inc. for failing to remove shrink wrap left in the aisle of a store. Hines fell over the shrink wrap, injuring her left leg, which was partially amputated some months later. We reverse because issues of material fact remain that must be resolved by a jury.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of

---

[2] *Blackmon v. Tenet Healthsystem Spalding*, 288 Ga. App. 137 (653 SE2d 333) (2007).

law." (Citations and punctuation omitted.) *Walker v. Gwinnett Hosp. System*, 263 Ga. App. 554, 555 (588 SE2d 441) (2003). A trial court's grant of summary judgment is reviewed de novo on appeal, construing the evidence in the light most favorable to the nonmovant. Id. Once the party moving for summary judgment has made a prima facie showing that it is entitled to judgment as a matter of law, the nonmovant must then come forward with rebuttal evidence sufficient to show the existence of a genuine issue of material fact. *Weldon v. Del Taco Corp.*, 194 Ga. App. 174, 174-175 (390 SE2d 87) (1990).

So viewed, the record shows that on the day Hines fell, Wal-Mart employees placed a shrink-wrapped pallet between two merchandise displays in the middle of a large store aisle known to employees as "action alley." The employees then cut away the clear shrink wrap from the pallet and began to restock nearby shelves. As they did so, some of the shrink wrap from the pallet fell into the side aisles leading around the merchandise displays. Hines, who was carrying "a few small items in her hand," stopped to get a bag of potato chips. As she did so, her foot became entangled in the clear shrink wrap, "which was difficult to see from a standing position," and she fell. As Hines's friends and Wal-Mart employees helped her into a wheelchair, another employee picked up the plastic and ran with it out of the back door of the store.

Hines was taken to an emergency room, where x-rays showed that no bones had been broken. A few days later, however, a dark bruise appeared on her left leg and worsened despite treatment. Her lower left leg was amputated eight months later. She died shortly afterward of apparently unrelated causes.

As the Supreme Court of Georgia held in *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (2) (b) (493 SE2d 403) (1997), a slip-and-fall invitee plaintiff must prove

> (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

In cases involving the restocking of store shelves, this Court has long held that

> [a] merchant . . . may place cartons and containers in the aisles while he places articles on the display shelves, and a customer may expect to find such objects in the aisles; nevertheless, *the merchant must so place such articles so as not to threaten danger to those using the aisle and so that they are in full sight and within the observation of everyone.*

(Emphasis supplied.) *Kitchens v. Davis*, 96 Ga. App. 30, 34 (1) (99 SE2d 266) (1957). See also *Big Apple Super Market of Rome v. Briggs*, 102 Ga. App. 11, 14 (115 SE2d 385) (1960).

Mindful of these principles, we first turn to the issue of whether there was evidence that Wal-Mart had actual or constructive knowledge of the shrink wrap left in the aisle of the store. We conclude that there was evidence of constructive knowledge, which "may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard." (Citations omitted.) *Hughes v. Hosp. Auth. of Floyd County*, 165 Ga. App. 530, 531 (1) (301 SE2d 695) (1983). Here, there was undisputed evidence that the Wal-Mart employees had cut away the shrink wrap from the pallet and were only a few feet away when the wrap fell from the side of the pallet into the aisle. Under these circumstances, there was a genuine issue of material fact over whether Wal-Mart employees were in the immediate vicinity and had the opportunity and means to discover and remove the shrink wrap left in the aisle of the store. See *Kroger Co. v. Brooks*, 231 Ga. App. 650, 654-655 (1) (500 SE2d 391) (1998) (finding jury questions whether an employee restocking merchandise several aisles away was in the "immediate vicinity" and whether the store had an opportunity to discover mousse on the floor).

We likewise conclude that there was a genuine issue of material fact over whether Hines lacked knowledge of the hazard despite exercising ordinary care. An invitee

> is not bound to avoid hazards not usually present on the premises and which the invitee, exercising ordinary care, did not observe. . . . The invitee is not barred of a recovery simply because by extreme care on his part it would have been possible for him to have discerned the articles negligently left in the aisles or passageways customarily used by the store patrons at the merchant's tacit invitation. What constitutes a reasonable lookout depends on all the circumstances at the time and place.

(Citations and punctuation omitted.) *Robinson*, 268 Ga. at 741-742 (1). "[T]he plaintiff's lack of ordinary care for personal safety is

generally not susceptible of summary adjudication but is a question for the jury to resolve." *Augusta Country Club v. Blake*, 280 Ga. App. 650, 656 (1) (c) (634 SE2d 812) (2006). See *Robinson*, 268 Ga. at 748 (2) (b). In the present case, a Wal-Mart employee testified that the shrink wrap was clear, and one of Hines's friends testified that the wrap was difficult to see from a standing position. As such, in light of "all the circumstances at the time and place of the incident, the evidence does not plainly, palpably, and indisputably lead to the conclusion" that Hines's placement of her foot on the clear shrink wrap showed "a want of such prudence as the ordinarily careful person would use in a like situation." (Citations and punctuation omitted.) *Robinson*, 268 Ga. at 743 (1).

In sum, the questions of whether Wal-Mart had constructive knowledge of the clear shrink wrap left in the aisle of the store and whether Hines herself exercised ordinary care concerning it were for the jury. See *Kennestone Hosp. v. Harris*, 285 Ga. App. 393, 395-399 (1), (2) (646 SE2d 490) (2007) (finding jury questions concerning defendant's constructive knowledge of loose telephone books next to pallet on loading dock as well as plaintiff's lack of ordinary care for his own safety). Compare *Ramirez v. Kroger Co.*, 207 Ga. App. 830, 831 (429 SE2d 311) (1993) (affirming grant of summary judgment where bread tray left in supermarket aisle was large, of contrasting color to the floor, and in full view). The trial court therefore erred when it granted summary judgment to Wal-Mart.

*Judgment reversed. Ruffin, P. J., and Andrews, J., concur.*

### DECIDED NOVEMBER 7, 2008.

*Cheney & Cheney, Curtis V. Cheney, Jr., DuAnn C. Davis*, for appellant.

*Drew, Eckl & Farnham, Brenda K. Katz*, for appellee.