**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 3, 2013**

# In the Court of Appeals of Georgia

A13A1525. HOUSTON v. WAL-MART STORES EAST, L.P. et al.

BARNES, Presiding Judge.

In this slip-and-fall premises liability case, plaintiff Ronald Houston appeals the trial court's grant of summary judgment in favor of defendant Wal-Mart Stores East, L.P., and two of its employees, defendants Dawn Atkins and Tim Holt. Because the uncontroverted evidence shows that Houston had equal knowledge of the hazard that caused his fall, the trial court did not err in granting summary judgment to the defendants.

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). We review the grant of summary judgment de novo and view the evidence in the light most favorable to the

nonmovant. *Bank of North Ga. v. Windermere Dev.*, 316 Ga. App. 33, 34 (728 SE2d 714) (2012).

So viewed, the record reflects that at approximately 5:14 a.m. on September 18, 2009, Houston was shopping at a Wal-Mart store in Morrow, Georgia. While pushing his shopping cart through the meat section of the grocery department, Houston walked across some flattened cardboard boxes that had been left on the floor by an employee who had been restocking shelves earlier that morning. Seconds after walking across the flattened boxes, Houston turned around without his cart and began walking back over the same boxes on his way to the other side of a freezer. As he did so, Houston slipped on the boxes and fell to the ground, injuring himself.

Houston subsequently brought this premises liability action against Wal-Mart and two of its two employees, Atkins and Holt, who had been working at the store on the morning of the incident. Following discovery, the defendants moved for summary judgment. The slip-and-fall incident had been captured by one of the store's security cameras, and the defendants relied upon a DVD recording of the camera footage and screen shots taken from the footage to support their motion. The defendants also relied upon Houston's deposition testimony in which he admitted that he had seen the flattened cardboard boxes lying on the floor, that he had walked across the boxes

2

once without incident, and that he slipped and fell on the same boxes as he walked back over them.[1]

After reviewing the record and hearing oral argument from the parties, the trial court granted summary judgment in favor of the defendants, concluding that the uncontroverted evidence showed that Houston had equal knowledge of the hazard – i.e., the flattened cardboard boxes lying on the store floor – that had caused his fall. The trial court further concluded that there was no evidence that either Atkins or Holt caused or contributed to Houston's accident. This appeal followed.

1. We conclude that the trial court committed no error in granting summary judgment to the defendants on the ground that Houston had equal knowledge of the hazard that caused his fall.

An owner or occupier of land must exercise ordinary care to keep his premises safe for invitees. See OCGA § 51-3-1; *American Multi-Cinema, Inc. v. Brown*, 285

---

[1] During his deposition, Houston initially claimed that he slipped and fell on a piece of white paper rather than on the flattened cardboard boxes. But, after reviewing the DVD recording and screen shots of the incident, Houston conceded later in his deposition that there was no white paper present and that he had slipped on the cardboard. In his subsequently filed brief opposing the defendants' motion for summary judgment, Houston did not dispute that he slipped on the flattened cardboard boxes.

Ga. 442, 447 (3) (679 SE2d 25) (2009). To prove negligence in a slip-and-fall premises liability case,

> a plaintiff must show that (1) the premises owner had actual or constructive knowledge of the hazard; and (2) the plaintiff lacked knowledge of the hazard, despite her exercise of ordinary care, due to actions or conditions within the owner's control. However, the plaintiff's evidentiary burden concerning the second prong is not shouldered until the owner establishes that the plaintiff was negligent, that is, she intentionally and unreasonably exposed herself to a hazard of which she knew or, in the exercise of reasonable care, should have known existed. With respect to the second prong, we determine whether the record shows plainly, palpably, and without dispute that plaintiff had knowledge of the hazard equal or superior to that of defendants or would have had equal or superior knowledge had the plaintiff exercised ordinary care for personal safety.

(Citation and punctuation omitted.) *LeCroy v. Bragg*, 319 Ga. App. 884, 885 (1) (739 SE2d 1) (2013). See *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

While there was evidence that Wal-Mart had actual or constructive knowledge of the flattened cardboard boxes on the floor, the uncontroverted evidence shows "plainly, palpably, and without dispute" that Houston had equal knowledge of the presence of the boxes before he slipped and fell on them. As previously noted, during

4

his deposition, Houston admitted that he had seen the boxes on the floor, walked across the boxes once without any problem, and then slipped and fell on the boxes when he chose to walk back over them to get to the other side of a freezer.[2] The DVD recording and screen shots of the incident confirm this version of events. In light of this uncontradicted evidence, we conclude that Houston had as much knowledge of the hazard that caused his injuries as the defendants, and thus he cannot recover. See *Barnes v. Morganton Baptist Assn.*, 306 Ga. App. 755, 757-758 (1) (703 SE2d 359) (2010) (affirming grant of summary judgment to defendants, where evidence showed that plaintiff was aware of retaining wall and drop-off before choosing to ride bicycle near it); *Right Stuff Food Stores, Inc. v. Gilchrist*, 279 Ga. App. 784, 786 (632 SE2d 405) (2006) (reversing denial of summary judgment to defendant, where evidence

---

[2] Houston maintains that he "was clearly confused during his deposition regarding the questions posed by [the defendants'] counsel pertaining to whether or not he saw the boxes on the ground . . . before he traversed them." But there is nothing in Houston's deposition transcript or otherwise in the record supporting his claim that he was somehow confused during his questioning. At the beginning of his deposition, defense counsel instructed Houston to let her know if he did not understand any of her questions, but Houston never indicated any lack of understanding regarding the questions posed to him that are at issue here. Furthermore, Houston did not file an errata sheet after his deposition stating that he was confused about any question or submit a supplemental affidavit in opposition to summary judgment in which he alleged that he had been confused. Thus, there is simply no evidence of confusion that can be gleaned from the record.

5

showed that plaintiff saw gas pump on ground before deciding to walk by it). See generally *Ponder v. Brooks*, 256 Ga. App. 596, 597-598 (569 SE2d 267) (2002) ("If an invitee knows of the condition or hazard, he has as much knowledge as the proprietor does[,] and then by voluntarily acting in view of his knowledge, he assumes the risks and dangers incident to the known condition.") (citation and punctuation omitted).[3]

Houston nevertheless contends that summary judgment was inappropriate because even though he saw the boxes lying on the floor, he "did not appreciate the hazard presented by the boxes." But this is not a case where the specific hazard that caused the plaintiff's injury was hidden or outside the realm of an ordinary person's

_____

[3] The present case is distinguishable from cases where there was evidence that the plaintiff lacked knowledge of a difficult-to-see article lying on the floor of the defendant's store before slipping or tripping over it. See, e. g., *Brown v. Wal-Mart Stores*, 294 Ga. App. 424, 427 (669 SE2d 221) (2008) (jury question presented where plaintiff slipped on shrink wrap lying on store floor, given that there was evidence that the shrink wrap was clear and was difficult to see from where the plaintiff had been standing); *Big Apple Super Market of Rome v. Briggs*, 102 Ga. App. 11, 14-15 (115 SE2d 385) (1960) (jury question presented where plaintiff tripped on carton protruding out from base of display counter into narrow store aisle, and there was evidence that plaintiff had not seen the carton before her fall); *Kitchens v. Davis*, 96 Ga. App. 30, 34-35 (1) (99 SE2d 266) (1957) (jury question existed where plaintiff slipped on articles that merchant had placed on store floor, given that there was evidence that the color of the floor, baskets, and merchandise, combined with the lighting conditions, prevented the plaintiff from seeing the articles).

understanding. Rather, large, flattened cardboard boxes in plain and unobstructed view on a store floor are items "which any person with ordinary, common sense would recognize as something that might cause a person to trip, slip, or fall." (Punctuation and footnote omitted.) *Music v. Steamco, Inc.*, 265 Ga. App. 185, 186 (593 SE2d 370) (2004) (ordinary person would recognize that standing water in plain view might cause a person to slip and fall). See also *Landings Assn., Inc. v. Williams*, 291 Ga. 397, 399-400 (728 SE2d 577) (2012) (ordinary person who had seen small alligators living in and around lagoon in residential community would recognize risk of larger alligators being present and moving from one lagoon to another); *Means v. Marshalls of MA.*, 243 Ga. App. 419, 420-421 (1) (532 SE2d 740) (2000) (physical precedent only) (ordinary person would recognize risk of slipping and falling on "garment debris in plain view on a dressing room floor"). In fact, in *Capes v. Dollar General Corp.*, 256 Ga. App. 101, 102 (567 SE2d 726) (2002), the plaintiff, who fell while stepping over a box lying on a store floor, argued that although she had chosen to step over the box, she still should be able to recover because "the box posed a hazard of which she was unaware." We rejected her argument because the box was in plain and unobstructed view and thus "nothing prevented [her] from observing the hazard posed." Id. Given this precedent, Houston's contention that he did not have

7

knowledge of the specific hazard posed by the flattened cardboard boxes is misplaced.

Furthermore, when a person has successfully negotiated a dangerous condition on a previous occasion, he "is presumed to have knowledge of that condition and cannot recover for a subsequent injury resulting from the hazard." *El Ranchero Mexican Restaurant, No. 10, Inc. v. Hiner*, 316 Ga. App. 115, 118 (728 SE2d 761) (2012) (plaintiff who slipped on floor could not recover because she had previously walked through slippery area only moments before). See also *Ballard v. Burnham*, 256 Ga. App. 531, 533 (568 SE2d 743) (2002) (plaintiff who slipped on coins on the floor could not recover because "immediately prior to her fall, she had safely traversed the area in which she thereafter fell"); *Lea v. American Home Equities, Inc.*, 210 Ga. App. 214, 215 (1) (435 SE2d 734) (1993) (plaintiff who slipped when walking over wet floor for a second time could not recover). It follows that because the uncontroverted evidence shows that Houston safely traversed the flattened cardboard boxes immediately before his fall, he is presumed to have had knowledge of that hazard and cannot recover for his injuries resulting therefrom. See id. See also *Hall v. J. H. Harvey Co.*, 242 Ga. App. 315, 317 (529 SE2d 444) (2000) (plaintiff who fell over box lying on floor in grocery store could not recover because

8

uncontroverted evidence showed that she had seen and successfully stepped around the same box moments before her fall); *Williams v. Sing Bros., Inc.*, 226 Ga. App. 657, 658 (1) (487 SE2d 445) (1997) (summary judgment to store owner appropriate, where security camera footage indisputably showed that plaintiff slipped and fell while returning "to the dairy case using the exact same path she had traversed moments before").

Houston argues, however, that even if he was generally aware of the hazard posed by the flattened cardboard boxes, he was distracted at the time of his fall because he was looking at merchandise in a freezer. "But the distraction doctrine does not apply where the plaintiff had actual knowledge of the hazard before the alleged distraction occurred," as the uncontradicted evidences shows was the situation in this case. *Ponder*, 256 Ga. App. at 598. See also *Yasinsac v. Colonial Oil Properties, Inc.*, 246 Ga. App. 484, 486 (2) (541 SE2d 109) (2000).

For these combined reasons, the trial court did not err in concluding that Houston's knowledge of the hazard that caused his fall was equal to that of the defendants' knowledge. Houston thus could not succeed on his premises liability claim, and the defendants were entitled to summary judgment. While "routine issues of premises liability . . . are generally not susceptible of summary adjudication," the

grant of summary judgment nevertheless is appropriate in cases like the present one where "the evidence is plain and palpable that the defendants are not liable." (Citations and punctuation omitted.) *LeCroy*, 319 Ga. App. at 887 (1).

2. In light of our decision in Division 1, we need not separately address whether the trial court erred in concluding that there was no evidence that either Atkins or Holt caused or contributed to Houston's accident.

*Judgment affirmed. Miller and Ray, JJ., concur.*