**FIRST DIVISION
BARNES, P. J.,
GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 25, 2021**

# In the Court of Appeals of Georgia

A21A0299. CREBS et al. v. BASS PRO OUTDOOR WORLD et al.

MARKLE, Judge.

During a visit to a Bass Pro shop in 2017, Amanda Crebs ("Amanda") injured her knee when she tripped and fell over decorative fencing that protruded into the walkway. Thereafter, Amanda and her husband (collectively "the plaintiffs") sued Bass Pro Outdoor World and the general manager, Dale White, (collectively "the defendants") for premises liability, vicarious liability, and loss of consortium.[1] The trial court granted summary judgment to the defendants, finding that the fence was

---

[1] They also named John Doe, a John Doe, Inc., and BPS Direct, LLC as defendants. They later dismissed BPS Direct, LLC. Mr. Crebs's sole claim is for loss of consortium, which is derivative of Amanda's claims. *Lovelace v. Figure Salon, Inc.*, 179 Ga. App. 51, 53 (3) (345 SE2d 139) (1986) (husband's right to recover for loss of consortium depends on wife's right to recover).

an open and obvious condition. The plaintiffs now appeal. For the reasons that follow, we affirm.

> Whether summary judgment is granted or denied, that decision enjoys no presumption of correctness on appeal, and an appellate court must satisfy itself that the requirements of OCGA § 9-11-56 (c) have been met. And in conducting this de novo review, we are charged with "viewing the evidence, and all reasonable conclusions and inferences drawn from the evidence in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) *River Place at Port Royal Condo. Assn. v. Sapp*, __ Ga. App. __ (856 SE2d 28, 31-32) (2021). Under OCGA § 9-11-56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Although summary judgment generally is not appropriate in routine negligence and premises liability cases, where "the evidence is plain, palpable and undisputable," summary judgment is warranted. *Robinson v. Kroger Co.*, 268 Ga. 735, 739 (1) (493 SE2d 403) (1997).

So viewed, the record shows that Amanda and her husband took their young son to the Bass Pro Shop in Savannah in 2017 so he could have his picture taken with

Santa. When they entered the store, Amanda took a shopping cart and placed her son in the seat. They walked to the kiosk to get their timed ticket for Santa, and then proceeded through the aisles to do some shopping and participate in some of the activities the store offered while families were waiting. When it was close to their ticket time, Amanda's husband got in line while Amanda and her son continued with the activities. As her husband approached the front of the line, Amanda parked her cart to the side of an aisle, removed her son from the seat, and, carrying the child, made her way through the aisle to hand him over the rope to her husband. As she manuevered through the aisle, Amanda struck her leg on a portion of the eighteen-inch split- rail fence that protruded about three inches into the walkway, and fell, landing on her knee and breaking her patella. The injury required surgery.

The plaintiffs filed suit, and, in her deposition, Amanda stated that she knew the fence was there. She explained that she had noticed it was part of the display; nothing obstructed her view as she walked through the aisle; and she believed she could navigate the aisle while carrying her child. She further explained that she was paying attention to her surroundings, but she was not looking down as she walked, and the protrusion was not obvious to her. She believed there was sufficient space for her to pass through the aisle, although the cart was too large to fit. The defendants

submitted deposition testimony from two human factors experts, who disagreed about whether the child blocked Amanda's view of the fence and whether she would have seen the protruding portion.

The defendants moved for summary judgment, arguing that Amanda had actual or constructive knowledge of the fence, and it was an open and obvious static condition that was plainly visible. Following a hearing, the trial court granted the motion, finding that the fence was a hazard, but that it was open and obvious, and Amanda had equal knowledge of it. The plaintiffs now appeal.

In related enumerations of error, the plaintiffs argue that the trial court failed to construe the evidence in the light most favorable to them, and erred in finding that the hazard was open and obvious, and that Amanda had actual knowledge of it. We disagree.

> Under OCGA § 51-3-1, a person who owns or occupies land and by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. In order to recover on a premises liability claim, a plaintiff must show (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

4

Accordingly, the fundamental basis for an owner or occupier's liability is that party's superior knowledge of the hazard encountered by the plaintiff. In other words, a plaintiff is not entitled to recovery if the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant.

(Citations and punctuation omitted.) *D'Elia v. Phillips Edison & Co., Ltd.*, 354 Ga. App. 696, 698 (839 SE2d 721) (2020). As we have explained, a property owner has a duty to alert invitees to "*hidden dangers or defects not observable*" to them. (Emphasis supplied.) *Williams Investment Co. v. Girardot*, 354 Ga. App. 762, 763 (841 SE2d 436) (2020).

When a claim involves a static condition,[2]

the rule is well established that the basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn [her] and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does. *If nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks.*

---

[2] "A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it." (Citation and punctuation omitted.) *Jones Lang LaSalle Operations v. Johnson*, 350 Ga. App. 439, 440 (829 SE2d 629) (2019).

(Citations and punctuation omitted; emphasis supplied.) *McLemore v. Genuine Parts*, 313 Ga. App. 641, 643 (722 SE2d 366) (2012); see also *Rentz v. Prince of Albany*, 340 Ga. App. 388, 390 (1) (797 SE2d 254) (2017) ("corn hole" game was open and obvious static condition); *Ridley v. Dolgencorp*, 353 Ga. App. 561, 563 (839 SE2d 26) (2020) (concrete parking abutment was open and obvious static condition and thus proprietor was not liable for invitee's trip and fall). As we have explained, "in everyday life, persons are required to negotiate floors, steps, and doorways," and the defendants are not responsible for hazards that were open and obvious, and could have been avoided in the use of ordinary care. (Citation omitted.) *D'Elia*, 354 Ga. App. at 699.

Construing the evidence in the light most favorable to the plaintiffs, the record shows that Amanda observed the fence as part of the display before she entered the aisle; she had walked through other aisles in the store; the split-rail fence protruded about three inches into the aisle; and nothing obstructed Amanda's view. There is no dispute that the fencing was visible, that there was sufficient lighting, and that the fencing did not blend into its surroundings. Accordingly, because the fencing was an open and obvious static condition, Amanda had equal knowledge of the hazard, and

6

the defendants were entitled to summary judgment.[3] *Rentz*, 340 Ga. App. at 390 (1);

*Ridley*, 353 Ga. App. at 563; *D'Elia*, 354 Ga. App. at 699.

Nevertheless, the plaintiffs contend that summary judgment was improper because Amanda did not see the protruding fence or appreciate the risk. But, we have explained that a plaintiff is required to

> exercise ordinary care for her own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it became apparent to her or in the exercise of ordinary care she should have learned of it. She must make use of all her senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to her.

(Citation and punctuation omitted.) *Rozy Investments v. Bristow*, 276 Ga. App. 278, 281 (4) (623 SE2d 171) (2005). Fencing that obviously sticks out into the walkway is the type of hazard "which any person with ordinary, common sense would

___

[3] Although the defendants refer to Amanda's prior traversal of the area, the record is somewhat ambiguous on this point. Amanda stated that she had walked through the store before the incident, and that there was fencing in other areas of the store, but nothing in her testimony shows that she specifically traversed other areas in which the fence was protruding in to the walkway. Regardless of whether Amanda had previously traversed these areas, the open and obvious nature of the fence shows that she had equal knowledge of the hazard. *Rentz*, 340 Ga. App. at 390 (1); *Ridley*, 353 Ga. App. at 563; *D'Elia*, 354 Ga. App. at 699.

recognize as something that might cause a person to trip, slip, or fall." *Houston v. Wal-Mart Stores East*, 324 Ga. App. 105, 108 (1) (749 SE2d 400) (2013).

Admittedly, a plaintiff is not required to "maintain a constant lookout." (Citation omitted.) *Teston v. SouthCore Constr. Co.*, 336 Ga. App. 733, 736 (783 SE2d 921) (2016). But, in this case, the record shows that the protruding fence and its potential danger would have been obvious and ascertainable with the use of ordinary care.[4] See *Pirkle v. Robson Crossing*, 272 Ga. App. 259, 261 (612 SE2d 83) (2005) ("Even if the [walkway] was hazardous as plaintiff asserts, the condition was open and obvious, and thus, in the exercise of ordinary care, she could have avoided it. There is no duty to warn of the obvious.") (citation and punctuation omitted); see also *City of Brunswick v. Smith*, 350 Ga. App. 501, 504 (829 SE2d 781) (2019) (pothole that was not concealed was open and obvious static defect of which plaintiff

---

[4] The plaintiffs' reliance on *Pindar v. H & H Food Service*s, 326 Ga. App. 493, 501-502 (3) (756 SE2d 721) (2014) (physical precedent only), is unpersuasive. First, that case is physical precedent only and is not binding. See Court of Appeals Rule 33.2 (a) (2). Second, that case involved static conditions that were not ascertainable due to optical illusions and poor lighting. Neither of those factors was present here. Nor are we persuaded that *Hagadorn v. Prudential Insurance Company*, 267 Ga. App. 143 (598 SE2d 865) (2004), requires a different outcome for the same reason. See also *Perkins v. Val D'Aosta Co.*, 305 Ga. App. 126 (699 SE2d 380) (2010) (poor lighting and darkened surfaces raised a factual question about whether the plaintiff should have seen the curb over which he tripped).

should have been aware); *Houston*, 324 Ga. App. at 107-108 (1) (summary judgment was proper despite plaintiff's argument that he did not grasp the specific hazard because "this is not a case where the specific hazard that caused the plaintiff's injury was hidden or outside the realm of an ordinary person's understanding."); *Perkins v. Kranz*, 316 Ga. App. 171, 173 (2) (728 SE2d 804) (2012) (summary judgment was proper in case involving pedestrian who was injured by tree branch overhanging a sidewalk because "the tree and its overhanging branches were visible to [the pedestrian] and were in no way a pitfall, mantrap, or hidden peril."); *The Right Stuff Food Stores v. Gilcrest*, 279 Ga. App. 784, 786 (632 SE2d 405) (2006) (plaintiff had equal knowledge of hazard where she admitted that she observed "very visible" hose on the ground); *Becton v. Tire King of North Columbus*, 246 Ga. App. 57, 59 (539 SE2d 551) (2000) (affirming summary judgment where planter was open and obvious static condition, and plaintiff failed to use ordinary care when she stepped backward without looking, and tripped on it).

Amanda also contends that the trial court ignored her deposition testimony establishing that the protrusion was not obvious to her. But that argument misconstrues the legal standard and ignores the evidence. Notably, Amanda acknowledged that she was not paying attention to the area as she walked, but that she

9

knew the fence was there. The testimony and other evidence thus plainly established that Amanda should have learned of the protruding fence rail in the exercise of ordinary care. *McLemore*, 313 Ga. App. at 643; *Rozy Investments*, 276 Ga. App. at 281 (4); *Becton*, 246 Ga. App. at 59.

Moreover, even if Amanda did not have actual knowledge of the danger despite its open and obvious condition, she is deemed to have constructive knowledge of hazards in plain view.[5]

> The "plain view" doctrine is applied to a hazard in plain view at a location where it is customarily found and can be expected to be, but which the invitee professes not to have seen prior to the fall. Even though the invitee had no actual knowledge of the hazard before being injured, the invitee should have known of the hazard's presence.

*Robinson*, 268 Ga. at 743 (1); see also *Ridley*, 353 Ga. App. at 565-566 (summary judgment proper where plaintiff admitted that she had seen the parking abutment, but that at the time of her fall, she was not paying attention to where she stepped). Here,

---

[5] We may affirm the trial court's order if it is right for any reason. *Pneumo Abex v. Long*, 357 Ga. App. 17, 25 (1) (a), n. 37 (849 SE2d 746) (2020) ("Needless to say, a grant of summary judgment must be affirmed if it is right for any reason, whether stated or unstated in the trial court's order, so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond.") (citation and punctuation omitted).

10

there is no dispute that the protruding fence was in plain view. Thus, Amanda had equal or constructive knowledge of the hazard, and the defendants were entitled to summary judgment.

*Judgment affirmed. Barnes, P. J., and Gobeil, J., concur.*